IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
IN ADMIRALTY

FILED SEP 2 3 2005

4:05-CV-122-H3

| | |
|---|---|
| BDJ DISCOVERY GROUP, LLC,<br>        Plaintiff | )<br>)<br>) |
| vs. | )<br>)<br>) |
| THE UNIDENTIFIED, SHIPWRECKED<br>VESSEL, its apparel, tackle, appurtenances<br>and Cargo located in the waters of the Atlantic<br>Ocean approximately 12 miles off the Coast<br>of North Carolina,<br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) |

**Complaint In Rem**

The Plaintiff, BDJ Discovery Group, LLC, by and through its undersigned counsel, sues the Defendant Shipwreck and states as follows:

1. This is a case brought within the Admiralty and Maritime Jurisdiction of this Court as hereinafter more fully appears. This is an admiralty and Maritime Claim within the meaning of Rule 9(h) for the purposes of Rule 14(c), 38(e), 82 and Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff BDJ Discovery Group, LLC is a limited liability company organized and existing by virtue of the laws of the State of North Carolina and transacts business within this Division of the Eastern District of the State of North Carolina and the Plaintiff brings this action on behalf of itself, its members and other entities with which it has, or may in the future, enter contracts regarding the salvage activities to be pursued hereunder.

3. The Unidentified Shipwrecked Vessel is located approximately 12 miles off the Coast of North Carolina, and it is believed to have sunk in the 18th Century. The vessel has been lost, wrecked and abandoned beneath the navigable waters of the Atlantic Ocean since that time. The wreck site of the Defendant shipwreck is within the jurisdictional boundaries of this Honorable

Court, and all salvage therefrom will be brought to a port located within this Court's jurisdictional boundaries.

4. Plaintiff is the operator of a salvage vessel and by past, present and future salvage activities, the Plaintiff has taken such possession, dominion and control of the unidentified, wrecked and abandoned 18th century shipwreck as is practical under the circumstances.

5. The remains of the unidentified and wrecked vessel, her armament, apparel, tackle, and cargo constitute an identifiable shipwreck which has been discovered and confirmed by Plaintiff. The subject of this maritime action in this case is not salvageable material ensconded in an extant hull, but the identifiable parts of, and cargo of, the former vessel, identified and referred to herein as the Defendant shipwreck.

6. The Plaintiff and/or its members, have engaged in long, extensive, expensive and dangerous search, exploration, and salvage in order to find and posses the unidentified 18th century shipwreck, its tackle, armament, apparel and cargo.

7. The services, skills and expenditures of time and money on the part of the Plaintiff's members are of the highest order of merit. They have located numerous wreck sites during the past one and one-half years and located the Defendant shipwreck during said period and have brought up a number of items to try and identify her. The portions of the Defendant shipwreck, her tackle, apparel, etc. which were brought to the surface remain in North Carolina.

8. It is the Plaintiff's intent to continue its salvage of said vessel and to continue such constructive possession of the Defendant shipwreck as its nature and situation permit in order to salvage the remains of said vessel and to ascertain its identity. The Plaintiff has retained an archaeologist to prepare and institute an archaeological program for its salvage activities.

9. By virtue of these acts, a temporary title by occupancy has been acquired by Plaintiff over the unidentified, wrecked and abandoned 18th century shipwreck.

10. But, if mistaken in this, the salvage services, constitute services of the highest order

of merit justifying a full an liberal salvage award.

WHEREFORE, Plaintiff prays and demands as follows:

1. That proper process issue in accordance with the Supplemental Admiralty Rules and since it is impractical for the United States Marshal to take full possession that additional ancillary process issue under Rule E(4) (B) and (C) (5) as the Court may order and that in the event bond is not posted, that Public Notice to Claimants be given in such form as the Court may direct.

2. Plaintiff be put into possession of the wrecked and unidentified 18th century shipwreck and other property, and that all other persons, firms, and corporations, or government agencies be enjoined from interfering with the Plaintiff's ongoing salvage activity.

3. That Plaintiff's title to recover items of salvage be confirmed against all claimants and all the world.

4. That all governments, governmental agencies, states, and any other persons claiming an interest in the shipwreck be allowed to appear before this Honorable Court and show cause why possession should not be delivered to Plaintiff as having full title and that Plaintiff be put into the full possession of the items of salvage and its title confirmed.

This the 22 day of September, 2005.

WHEATLY, WHEATLY, WEEKS,
VALENTINE & LUPTON, P.A.

BY: _____
Stevenson L. Weeks
Attorney for Plaintiff
N.C. State Bar #9515
P. O. Box 360, 710 Cedar Street
Beaufort, North Carolina 28516-0360
Telephone: (252) 728-3158

## VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF CARTERET

BEFORE ME, the undersigned authority, personally appeared Robert Greene, who being duly sworn, deposes and states that he is the member/manager of BDJ Discovery Group, LLC the Plaintiff herein, and therefore duly authorized to make this Verification; that he has read the Complaint In Rem and that the matters and things alleged therein are true and correct to the best of your Affiant's own knowledge.

Robert Greene
Member/Manager

Sworn to and subscribed before me,
This 22 day of September, 2005.

Notary Public

My Commission Expires: 6/15/08